IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ADRIAN LYNN NICKELSON,

           Petitioner,

     v.

STEVE FRANKE,

           Respondent.

Civil No. 2:11-cv-01156-BR

OPINION AND ORDER

ADRIAN LYNN NICKELSON
SID 15208258
Two Rivers Correctional Institution
82911 Beach Access Rd.
Umatilla, OR 97882

      Petitioner *Pro Se*

ELLEN F. ROSENBLUM
Attorney General
NICHOLAS M. KALLSTROM
Assistant Attorney General
Oregon Department of Justice
1162 Court Street NE
Salem, OR  97301

      Attorneys for Respondent

1 - OPINION AND ORDER -

BROWN, Judge.

Petitioner, an inmate at the Two Rivers Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 *pro se*. For the reasons that follow, the Court **DENIES** the Petition for Writ of Habeas Corpus (#3).

### BACKGROUND

On August 28, 2003, Petitioner participated in a home invasion robbery during which Petitioner and one or more of his three co-defendants beat the victim to death. On September 8, 2003, a Clackamas County Grand Jury indicted Petitioner on six counts of Aggravated Murder and three counts each of Murder, Robbery in the First Degree, Kidnapping in the First Degree, and Burglary in the First Degree. Resp. Exh. 103. The prosecution sought the death penalty. Resp. Exh. 103.

The trial judge appointed two attorneys to represent Petitioner. The attorneys moved to suppress a confession Petitioner made to detectives upon his arrest on the grounds that the confession was involuntary and that Petitioner's waiver of his *Miranda* rights was not knowing and voluntary. Resp. Exh. 134. Following a three-day hearing, the trial judge denied the motion to suppress. The judge found Petitioner's *Miranda* waiver was valid and that his confession was voluntary. Resp. Exh. 171.

Petitioner subsequently became dissatisfied with counsel. The trial judge permitted both attorneys to withdraw and appointed two new attorneys to represent Petitioner. Resp. Exh. 171. Shortly before the case was scheduled for trial the parties participated in a settlement conference moderated by Clackamas County Judge Robert D. Herndon. Resp. Exh. 103, p. 4. As a result, Petitioner agreed to plead guilty to one count each of Robbery in the Second Degree, Burglary in the First Degree, and Aggravated Murder. Resp. Exh. 103, p. 18. Pursuant to the terms of the plea agreement, Judge Herndon sentenced Petition to life with the possibility of parole on the Aggravated Murder charge, 90 months of imprisonment on the Robbery charge, and 66 months of imprisonment on the Burglary charge. Resp. Exh. 101.

Petitioner did not file a direct appeal, but did seek state post-conviction relief ("PCR"). In the state PCR proceeding, Petitioner alleged claims of ineffective assistance of counsel, prosecutorial misconduct, and government misconduct. Resp. Exhs. 165, 166. Following an evidentiary hearing, the PCR trial court denied relief. Resp. Exh. 168. Petitioner appealed, but the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied relief. *Nickelson v. Mills*, 241 Or. App. 723, 250 P.3d 992, *rev. denied*, 350 Or. 573, 285 P.3d 1239 (2011).

On September 23, 2011, Petitioner filed a *pro se* Petition for Writ of Habeas Corpus in this Court alleging 129 separate claims

3 - OPINION AND ORDER -

for relief.    In response, Respondent argued Petitioner procedurally defaulted all but two claims for relief, and that those two grounds were correctly denied in the state court PCR proceedings.

This Court appointed Counsel to represent Petitioner.  In the counseled Memorandum of Points and Authorities in support of the habeas petition, Petitioner argues habeas corpus relief should be granted on three grounds:  (1) Petitioner's trial lawyers were ineffective in their investigation and presentation of a defense, and in counseling Petitioner to enter a guilty plea; (2) the trial court violated Petitioner's constitutional rights when it denied the motion to suppress Petitioner's post-arrest statements; and (3) the Oregon PCR trial and appellate courts failed to follow clearly established Federal law, as determined by the United States Supreme Court.  Petitioner argues he exhausted all claims for relief, and seeks an evidentiary hearing.

Pursuant to this Court's March 27, 2014, Order, counsel for Petitioner was granted leave to withdraw, and the Court appointed substitute counsel.  Pursuant to this Court's September 16, 2014, Order, substitute counsel was relieved and Petitioner ordered to proceed *pro se*.

## DISCUSSION

### I.   Procedural Default

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]" Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and resolve all federal claims. *Keeney v. Tomayo-Reyes*, 504 U.S. 1, 10 (1992). If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999).

To "fairly present" a federal claim in state court, habeas petitioners must "include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *see also Castillo v. McFadden*, 399 F.3d 993, 1000 (9th Cir. 2005). Furthermore, to properly exhaust a claim the petitioner must present the federal claim to the state courts in a procedural context in which the claim's merits will be considered. *Castille v. Peoples*, 489 U.S. 346, 351-52 (1989); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1984); *Turner v. Compoy*, 827 F.2d 526, 529 (9th Cir. 1987).

"In Oregon, most trial errors must be raised by direct appeal to the Oregon Court of Appeals." *Kellotat v. Cupp*, 719 F.2d 1027, 1030 (9th Cir. 1983). However, violations of a defendant's rights which require a further evidentiary hearing for their determination, such as a claim of ineffective assistance of trial counsel, are appropriately determined upon post-conviction review. *Id.*; *see also State v. McKarge*, 78 Or.App. 667, 668, 717 P.2d 656 (1986) (claim of ineffective assistance of counsel may only be resolved in post-conviction proceeding).

If a petitioner has failed to fairly present a federal constitutional claim to the state's highest court (*i.e.*, has failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted. *Boerckel*, 526 U.S. at 848 (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). Once a petitioner has procedurally defaulted a claim, federal habeas corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default and (2) actual prejudice from the failure. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman*, 501 U.S. at 750; *see also Wainwright v. Sykes*, 433 U.S. 72 (1977); *Murray v. Carrier*, 477 U.S. 748 (1986); *Hughes v. Idaho Bd. of Corr.*, 800 F.2d 905 (9th Cir. 1986).

Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice." *Edwards*, 529 U.S. at 451. To establish the fundamental miscarriage of justice exception to the exhaustion requirement requires a showing of actual innocence. *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

Here, Petitioner did not file a direct appeal, and the time to do so has long since expired. *See* Or. Rev. St. § 138.071 (direct appeals must be filed not later than 30 days after the judgment order appealed from was entered). As such, to the extent Petitioner alleges or argues claims that the trial court erred, including specifically the argument in his Memorandum that the trial court violated Petitioner's rights by denying the motion to suppress his post-arrest statements, Petitioner's claims are procedurally defaulted.

In the state PCR proceeding, Petitioner presented numerous claims to the PCR trial court. On appeal to the Oregon Court of Appeals, Petitioner's counseled Appellant's Brief asserted two assignments of error: (1) "Petitioner is Entitled to Post-Conviction Relief Based on Trial Counsel's Advice that Pleading Guilty Would not Bar Appellate Review and Post-Conviction Relief with Regard to the Motion to Suppress;" and (2) "Petitioner is Entitled to Post-Conviction Relief Based on Trial Counsel's Failure to Adequately Advocate Petitioner's Motion to Suppress." Resp. Exh. 169, pp. 11, 15.

7 - OPINION AND ORDER -

With respect to the first assignment of error, counsel argued Petitioner's second defense counsel team failed to ensure Petitioner's guilty plea was made knowingly when they advised Petitioner that a guilty plea would not bar direct appellate and/or collateral post-conviction review of the unfavorable outcome of the motion to suppress Petitioner's confession. Resp. Exh. 169, p. 3. As to the second assignment of error, counsel argued Petitioner's first defense team failed to adequately advocate for Petitioner during the motion to suppress hearing because counsel failed to: (1) raise the state's failure to obtain a valid waiver of rights from Petitioner; (2) present expert testimony on the effects of methamphetamine-induced psychosis and intoxication on voluntariness; (3) present testimony of a retained expert witness's findings that Petitioner's statements were not made voluntarily and intelligently; (4) demonstrate to the court the effects police deception and trickery had on Petitioner; and (5) show that under the totality of the circumstances, Petitioner's statements to the police should have been suppressed. Resp. Exh. 169, p. 3.

Petitioner filed a *Pro Se* Supplemental Appellant's Brief, arguing two additional assignments of error[1]: (1) the PCR trial

---

[1]The record does not reflect whether Petitioner sought and received leave of the Oregon Court of Appeals to file a Supplemental *Pro Se* Brief. *See* Or. R. App. P. 5.92(1). In the absence of any indication to the contrary, the Court shall proceed

court abused its discretion in not allowing Petitioner to file a Third Amended Petition; and (2) the PCR trial court erred in ruling Petitioner failed to meet his burden of proof through unreasonable determinations of fact on findings of evidence, and errors in application of law. Resp. Exh. 170., p. 2.   With respect to the second assignment of error, Petitioner stated he "includes his entire second and third amended petition, and all the exhibits, reissuing [sic] all claims for review." Resp. Exh. 170, p. 3.[2]

After the Oregon Court of Appeals affirmed without opinion, Petitioner's appellate counsel filed a Petition for Review to the Oregon Supreme Court.   Resp. Exh. 173.   Counsel described the questions presented as follows:

> Did the post-conviction trial court err when it denied petitioner's second amended petition for post-conviction relief?

---

on the assumption that such leave was granted.

[2]    Petitioner also filed a "*Pro Se* Appellant's Reply Brief," in which he purported to present three additional questions. Again, the Court notes there is no indication in the record whether Petitioner sought and/or received leave from the Oregon Court of Appeals to file a *Pro Se* Reply brief. *See* Or. R. App. P. 5.55(4), 5.70(3)(b).   In any event, Oregon appellate rules require all assignments of error are to be included in opening briefs -- a reply brief shall be confined to matters raised in the respondent's answering brief and additional assignments of error cannot be included in a Reply brief. *See* Or. R. App. P. 5.45(1), 5.55(4), 5.70(1)(b).

> Did the trial court and the Court of Appeals err in
> rejecting the issues raised in petitioner's *Pro Se*
> Supplemental Appellate Brief and in petitioner's *Pro Se*
> Reply Brief, filed with the Oregon Court of Appeals?

Resp. 173, p. 1.   The Petition for Review adopted the arguments

presented in the Appellant's Brief, the *Pro Se* Supplemental Brief,

and the *Pro Se* Reply Brief, and stated further:

> Additionally, the issues raised *pro se* by
> petitioner in petitioner's *Pro Se* Supplemental
> Appellant's Brief are issues which petitioner wishes
> considered by this court and preserved for later federal
> challenges. All claims asserted in the second and third
> amended petitions for post-conviction relief presented
> by petitioner to the post-conviction trial court are
> also hereby included for consideration and preservation.

Resp. Exh. 173, pp. 3-4.

The two claims asserted in the counseled Appellant's Brief

and the two claims asserted in Petitioner's *Pro Se* Supplemental

Brief were properly before the Oregon Court of Appeals and, by

reference to the appellate briefs in the Petition for Review, the

Oregon Supreme Court.   As such, the Court concludes Petitioner

fully exhausted those claims.

The remaining claims alleged in the second and third amended

PCR petitions but not specifically argued on appeal, however, were

not fairly presented.   To the extent Petitioner (and counsel)

attempted to incorporate all of the remaining claims into the

appeal by reference, such an attempt is not sufficient to fairly

present those claims on appeal.   *See Farmer v. Baldwin*, 346 Or.

67, 80, 205 P.3d 871 (2009); *Jackson v. Belleque*, 2010 WL 348357, *4 (D. Or., Jan. 21, 2010); *Cabine v. Belleque*, 2010 WL 1141354, *12 (D. Or., March 19, 2010); *see also Leroy v. Belleque*, 2014 WL 199090, *6 n.2 (D. Or., Jan. 16, 2014) ("*Farmer* does not stand for the proposition that a litigant may properly incorporate claims and arguments from his PCR trial by referencing documents from that proceeding in his Petition for Review").

Petitioner does not argue cause and prejudice to excuse his procedural default. Nor has he established actual innocence to excuse the default. Accordingly, with the exception of the claims noted above, Petitioner procedurally defaulted the remaining claims alleged in his Petition for Writ of Habeas Corpus.

## II. Relief on the Merits

An application for a writ of habeas corpus shall not be granted unless the adjudication on the merits in State court was:

> (1) contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In *Williams v. Taylor*, 529 U.S. 362, 386-389 (2000), the Supreme Court construed this provision as requiring federal habeas courts to be highly deferential to the state court decisions under review. In *Cullen v. Pinholster*, 131 S.Ct. 1388,

1398-1402 (2011), the Court reiterated the highly deferential nature of federal habeas review, and limited federal review "to the record that was before the state court that adjudicated the claim on the merits."

A state court decision is "contrary to" clearly established federal law if it is "in conflict with," "opposite to," or "diametrically different from" Supreme Court precedent. *Williams*, 529 U.S. at 388. An "unreasonable application" of clearly established Supreme Court law occurs when "the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the . . . case." *Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir. 2004) (citing *Williams*, 529 U.S. at 413), *cert. denied*, 546 U.S. 963 (2005).

A federal court making an "unreasonable application" inquiry should ask whether the state court's application of federal law was objectively unreasonable. *Williams*, 529 U.S. at 409. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state court decision applied clearly established federal law erroneously or incorrectly." *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002) (internal citations omitted). Instead, "a habeas court must determine what arguments or theories . . . could have supporte[d] the state court's decision; and then it must ask whether it is

possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

The last reasoned decision by the state court is the basis for review by the federal court. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Franklin v. Johnson*, 290 F.3d 1223, 1233 n. 3 (9th Cir. 2002). The decision of the state PCR trial court is the basis for review in the instant proceeding.

"Defendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process." *Lafler v. Cooper*, 132 S.Ct. 1376, 1384 (2012) (citations omitted). It is well established that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based upon ineffective assistance of counsel. *Id.* (citing *Hill v. Lockhart*, 474 U.S. 52, 57 (1985)). Under *Strickland*, a habeas petitioner must prove: 1) counsel's performance fell below an objective standard of reasonableness and, 2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Bell v. Cone*, 535 U.S. 685, 695

13 - OPINION AND ORDER -

(2002); *Williams*, 529 U.S. at 390-91; *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

For the performance prong, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689.   Moreover, "a court must indulge [the] strong presumption that counsel made all significant decisions in the exercise of reasonable professional judgment." *Pinholster*, 131 S.Ct. at 1407 (internal quotations omitted).   The reasonableness of counsel's conduct must be evaluated in light of the facts of the case and the circumstances at the time of representation.  *Strickland*, 466 U.S. at 690.

"To establish *Strickland* prejudice a [petitioner] must 'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"   *Lafler*, 132 S.Ct. at 1384-85 (quoting *Strickland*, 466 U.S. at 694).   "In the context of pleas a [petitioner] must show the outcome of the plea process would have been different with competent advice."  *Id.* (citing *Missouri v. Frye*, 132 S.Ct. 1399, 1410 (2012) (additional citations omitted)).

Finally, a doubly deferential standard of review applies to federal habeas review of ineffective assistance of counsel claims. *Knowles v. Mirzayance*, 556 U.S. 111, 1420 (2009); *Cheney v. Washington*, 614 F.3d 987, 995 (9th Cir. 2010) (deference under

§ 2254 and deference under *Strickland*). Petitioner must prove that there is no reasonable argument that counsel satisfied *Strickland's* deferential standard. *Premo v. Moore*, 131 S.Ct. 733, 740 (2011); *Harrington*, 131 S.Ct. at 788.

In his Memorandum in Support, Petitioner argues his trial attorneys provided ineffective assistance in two respects: (1) they failed to develop and present at the time of the motion to suppress evidence of his methamphetamine induced psychosis; and (2) they failed to fully investigate the "return trip defense," *i.e.*, that the victim was not dead when Petitioner left the scene, and instead one of Petitioner's co-defendants returned later and murdered the victim.

To the extent Petitioner's ineffective assistance of counsel claims purport to attack pre-plea constitutional errors, Petitioner is barred from raising his ineffective assistance claims pursuant to *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973). As the Supreme Court stated in *Tollett*:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea[.]

*Tollett*, 411 U.S. at 267.[3]   Under *Tollett*, when a criminal defendant enters a guilty plea on the advice of counsel, "he may only attack the voluntary and intelligent character of his plea by showing that he entered a plea based on counsel's advice that was below the standard of competence of trial counsels as governed by *Strickland*." *Bradley v. Hartley*, 2014 WL 3408588, *9 (C.D. Cal., July 10, 2014); *see also Lafler*, 132 S.Ct. at 1384 (reiterating that the *Strickland* standard applies to claims of ineffective assistance of counsel in the plea-bargaining process); *Moran v. Godinez*, 57 F.3d 690, 700 (9th Cir. 1994) (a guilty plea forecloses a claim of pre-plea ineffective assistance of counsel which is unrelated to the plea itself).

To the extent that Petitioner's argument may be construed to allege that trial counsel's advice caused him to enter a guilty plea, and that counsel's advice to enter the plea fell "below the range of competence demanded of attorneys in criminal cases," Petitioner has not shown either that counsel's advice was objectively unreasonable or that, but for his counsel's errors,

---

[3]The Supreme Court has recognized that the bar on attacking pre-plea constitutional errors does not apply when the claims raise a "jurisdictional" question that implicates the government's power to prosecute the criminal defendant. *See, e.g., Menna v. New York*, 423 U.S. 61, 62 (1975) (holding that the bar on collateral challenges to pre-plea errors did not apply to a claim that the indictment under which a defendant pleaded guilty placed him in double jeopardy). Here, Petitioner does not purport to raise any "jurisdictional" errors.

there is a reasonable probability that he would not have pleaded guilty and would instead have insisted on going to trial. *See Hill*, 474 U.S. at 56-57; *Strickland*, 466 U.S. at 687-88, 690, 692.

"The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill*, 474 U.S. at 56 (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)); *see also Boykin v. Alabama*, 395 U.S. 238, 242 (1969). A plea of guilty is voluntary "only if it is 'entered by one fully aware of the direct consequences' of his plea.'" *Torrey v. Estelle*, 842 F.2d 234, 235 (9th Cir. 1988).

"The purpose of the 'knowing and voluntary' inquiry . . . is to determine whether the defendant actually does understand the significance and consequences of a particular decision and whether the decision is uncoerced." *Godinez v. Moran*, 509 U.S. 389, 401 n. 12 (1993). The relevant inquiry is whether petitioner's guilty plea was voluntary and intelligent under the totality of the circumstances. *See Alford*, 400 U.S. at 31; *Brady v United States*, 397 U.S. 742, 749 (1970). Further, "[a] habeas petitioner bears the burden of establishing that his guilty plea was not voluntary and knowing." *Little v. Crawford*, 449 F.3d 1075, 1080 (9th Cir. 2006), *cert. denied*, 551 U.S. 1118 (2007).

The PCR trial judge found Petitioner's guilty plea was "knowingly, intelligently, and voluntarily made" and rejected Petitioner's claims to the contrary as "not credible" and "not supported by the evidence." Resp. Exh. 167, p. 1. As such, the PCR trial judge concluded, Petitioner failed to establish ineffective assistance of trial counsel. This conclusion was not contrary to or an unreasonable application of *Strickland*.

Before the criminal trial judge accepted Petitioner's guilty plea, the judge conducted a settlement conference with Petitioner, his counsel, and the prosecutor, which resulted in the plea agreement reached by the parties. Resp. Exh. 103, p. 4. During the ensuing hearing, the judge engaged Petitioner in an extensive colloquy concerning Petitioner's understanding of the terms of the agreement. Resp. Exh. 103, pp. 5-10. Petitioner averred that he had an adequate opportunity to discuss the contents of the plea petition and the consequences of the pleas with his attorneys, that he understood the terms of the plea agreement, and that he was satisfied with the advice and help counsel had provided. Resp. Exh. 103, p. 10. The judge then asked Petitioner about his motivation:

> THE COURT: Okay. Has anybody made any other threats or promises to induce you or cause you to enter these pleas? Well, is there anything I haven't been told? Because I've been a party to this. Is there any representations . . . has somebody told you that you're going to get a different sentence than what I've just recited into the record?

18 - OPINION AND ORDER -

PETITIONER: No, nobody has told me I'd get a different sentence.

THE COURT: Okay. Has anybody told you . . . has anybody made you any other promises to get you to enter these pleas?

PETITIONER: No, I just want to stipulate that, I mean, I think that the threat of the death penalty is a threat in itself but, I mean, it's a willing and voluntary decision today. So you're asking me if any threats or promises have been made but most surely they have.

THE COURT: The threat of the maximum penalty for Aggravated Murder was hanging over your head. But other than that, nobody has made any other threats to you, is that right?

PETITIONER: Nobody has threatened to beat me or anything, so, yes, sir.

                              * * *

PETITIONER: Your Honor, I would like to say that I realize that if I go to trial in this case, things standing as they are right now, that I will be convicted of aggravated murder, and with that in mind, I am pleading guilty.

Resp. Exh. 103, pp. 7-8.[4]

     Given Petitioner's stated reason for accepting the plea agreement, as well as the overwhelming evidence against him, the PCR trial court's decision that counsel was not deficient was not

---

[4]As noted in the Court's September 16, 2014, Order, a transcript of the change of plea hearing submitted by Petitioner contains some discrepancies from the transcript submitted by Respondent.   Because Respondent's certified transcript contains more detail and fewer references to "inaudible" portions of the recording, the Court refers to that transcription.   In any event, the discrepancies between the two transcripts are minor at best, and do not affect the content of the trial judge's communication with Petitioner at the plea hearing.

contrary to or an unreasonable application of clearly established law as determined by the Supreme Court. Moreover, Petitioner has not established that, but for the alleged errors of trial counsel, Petitioner would have rejected the plea agreement and proceeded to trial.

### III. Claims Not Addressed

Petitioner did not directly address the remaining grounds for relief in the Memorandum in Support. Consequently, Petitioner has not met his burden of proof with respect to these claims. Notwithstanding this failure, the Court has reviewed Petitioner's unargued claims on the existing record and finds that they do not entitle him to habeas corpus relief.

### IV. Request for Evidentiary Hearing

Finally, Petitioner has requested an evidentiary hearing at which he may present evidence regarding his claims. However, an evidentiary hearing is not warranted where, as here, "the record refutes the applicant's factual allegations or otherwise precludes habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see also Pinholster*, 131 S.Ct. at 1399 (citing *Schriro* with approval); *Estrada v. Scribner*, 512 F.3d 1227, 1235 (9th Cir.) ("a federal court must consider whether such a hearing could enable an applicant to prove the petitioner's factual allegations, which, if true, would entitle the applicant to federal habeas relief")

(citation omitted), *cert. denied*, 554 U.S. 925 (2008). Accordingly, the Court DENIES Petitioner's request for an evidentiary hearing.

### CONCLUSION

For these reasons, the Court DENIES the Petition for Writ of Habeas Corpus.

The Court DENIES a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 25ᵗʰ day of September, 2014.

_____

ANNA J. BROWN
United States District Judge